# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MARY BETH VANDERGRAFF, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of the ) <br> Social Security Administration, ) <br> Defendant. ) | CAUSE NO.: 4:17-CV-06-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Mary Beth Vandergraff on January 12, 2017, and Brief of Plaintiff [DE 30], filed by Plaintiff on December 11, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 9, 2018, the Commissioner filed a response, and on February 22, 2018, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.     Background**

On January 25, 2013, Plaintiff filed an application for benefits alleging that she became disabled on September 26, 2011. Plaintiff's application was denied initially and upon reconsideration. On December 30, 2014, Administrative Law Judge ("ALJ") Theodore W. Grippo held a video hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On August 25, 2015, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.     The claimant met the insured status of the Social Security Act through

1

December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since her alleged onset date of September 26, 2011.

3. The claimant has severe impairments of fibromyalgia and chronic fatigue syndrome ("CFS").

4. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to perform light work, where the claimant can lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk for six hours in an eight-hour workday, and sit for 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes, or scaffolds.

6. The claimant is able to perform past relevant work as an administrative assistant, customer service manager, customer service representative, office manager, and warehouse manager. This work does not require the performance of work-related activities precluded by the claimant's RFC.

7. The claimant was not under a disability, as defined in the Social Security Act, from September 26, 2011, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard or Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by

substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55

3

F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ erred in weighing the evidence and failed to adequately explain how he reached his conclusions, particularly as to the weight given to the statements of Plaintiff's medical providers and analysis of her attempts to maintain part time employment. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

The record contains several statements from treating providers that describe limits on Plaintiff's ability to work for a full work day and her need for breaks and particular postural changes. The ALJ did not give more than "little weight" to any of these statements.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment

4

relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The ALJ discounted the opinions of two treating physicians, primarily on the grounds that their opinions were based on the subjective reports of Plaintiff or were only intended as descriptions of current functional capacity of Plaintiff rather than a permanent description of her limitations. However, he did not address any of the factors he was required to consider in determining what weight to give them. Similarly, he gave little weight to the opinion of a physical therapist who gave detailed descriptions of Plaintiff's physical limitations because he was "not an acceptable medical source." As with the physician opinions, the ALJ was required to address the weight given to the physical therapist's statements and consider how they supported or were inconsistent with other evidence in the record. SSR 06-03p, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; [and] Whether the source has a specialty or area of expertise related to the individual's impairment(s)"); *see also* 20 C.F.R. § 404.1545(a)(3).

Although medical evidence "may be discounted if it is internally inconsistent or inconsistent

5

with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. In this case, the ALJ did not identify any treating or examining source to whom he gave more than "little weight," despite the general requirement to give more weight to treating and examining sources, particularly where there is a long treatment relationship by someone with knowledge of particular impairments. Instead, he relied only on the agency physicians who merely reviewed Plaintiff's medical records. This failure to identify any treating or examining opinion entitled to weight leaves the Court unable to trace the path of the ALJ's reasoning from the medical evidence to his conclusion regarding Plaintiff's limitations. It also leaves the Court concerned that the ALJ substituted his own medical determination for that of the actual medical professionals whose opinions appear in the record, in violation of the Seventh Circuit Court of Appeals' repeated warning that ALJs are not to make their own independent medical findings and should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

The ALJ's treatment of Plaintiff's struggles to maintain part time work is also concerning. Attempting to work after the onset of disability does not necessarily mean that a person is not disabled. As the Seventh Circuit has noted, "even persons who *are* disabled sometimes cope with their impairments and continue working long after they might have been entitled to benefits."

*Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012); *see also Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("[A] claimant's dogged efforts to work beyond her physical capacity would seem to be highly relevant in deciding her credibility and determining whether she is trying to obtain government benefits by exaggerating her pain symptoms."); *Richards v. Astrue*, 370 F. App'x 727, 732 (7th Cir. 2010) ("A desperate person might force herself to work – or . . . certify that she is able to work – but that does not necessarily mean she is not disabled."); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) ("A person can be totally disabled for purposes of entitlement to social security benefits even if, because of an indulgent employer or circumstances of desperation, he is in fact working."). In this case, Plaintiff attempted to continue working part-time after her alleged disability onset date, but was only able to work a few hours per day. The ALJ did not analyze Plaintiff's difficulties in working a full time schedule or explain how the RFC accounts for the specific difficulties she had when she tried to work for more than a few hours at a time. Rather than considering Plaintiff's failed attempts to work more hours as indicative of her veracity, he disregarded or gave little weight to all of the copious evidence in the record of the limitations in Plaintiff's ability to work more than a few hours per day multiple days in a row. *See, e.g., Golembiewski*, 322 F.3d at 917 ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling.").

Similarly, the Court is concerned by the ALJ's characterization of daily activities. It is not apparent to the Court how Plaintiff's time spent doing very calm, limited activities, such as "completing household tasks, scrapbooking, resting, reading, stretching, spending time with her boyfriend, talking on the phone, sending texts and letters, and attending church" are "very active" or in any way indicative of the ability to maintain full time employment. These activities, in

particular, appear to exemplify a situation where "[t]he individual's daily activities may be structured so as to minimize symptoms to a tolerable level or eliminate them entirely, avoiding physical or mental stressors that would exacerbate the symptoms." SSR 96-7p, 1996 WL 374186, at *8 (Jul. 2, 1996); *see also, e.g., Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."); *Punzio*, 630 F.3d at 712 ("[The Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work.").

On remand, the ALJ is reminded of the need to thoroughly analyze the medical evidence and personal testimony in the record, particularly statements relating to Plaintiff's ability to perform work-related activity, and to thoroughly explain how claimed limitations are either incorporated into the RFC or found to be unsupported.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Brief of Plaintiff [DE 30] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 13th day of March, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record