# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| MARY BETH VANDERGRAFF, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:17-CV-06-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Petition for Award of Attorney Fees Under the Equal Access to Justice Act [DE 37], filed by Plaintiff on June 5, 2018.

**I.  Procedural Background**

On January 12, 2017, Plaintiff filed a Complaint with this Court seeking review of the Commissioner's decision denying her claim for disability benefits. On December 1, 2017, Plaintiff filed an opening brief outlining her arguments for remand. On March 13, 2018, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. The Court ordered the ALJ to properly address the opinions of the treating physicians, explaining what weight was given to their opinions and to the opinion of Plaintiff's treating physical therapist, and to adequately analyze Plaintiff's statements regarding her limitations in light of her failed attempts to work and limited daily activities. Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On June 5, 2018, Plaintiff filed the instant Motion requesting attorney's fees. The Commissioner filed a response on June 19, 2018, and on July 18, 2018, Plaintiff filed a reply.

**II.     Analysis**

The Equal Access to Justice Act provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004) ; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000).

In this case, the Commissioner argues both that the Commissioner's position was substantially justified and that the fee request is unreasonable.

   A.     <u>Reasonableness of Commissioner's Position</u>

The Commissioner argues that Plaintiff is not entitled to fees because the Commissioner's position was substantially justified, with a reasonable basis in law. Plaintiff argues that the Commissioner's position was not substantially justified.

The standard of "substantially justified" is satisfied if there is a genuine dispute or if

reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Hallmark*, 200 F.3d at 1080. "It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Government bears the burden of proof that both the ALJ's decision and the Commissioner's defense of it were substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 686 (7th Cir. 2009). A position taken by the Commissioner is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). The Commissioner may also lack substantial justification where the ALJ's decision contravenes clear and established judicial precedent or violates agency regulations. *See Stewart*, 561 F.3d at 684. "While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990).

The Commissioner argues that the ALJ properly considered the opinions of Plaintiff's treating physicians and treating physical therapist and properly determined that Plaintiff's failed attempts to work part time, as well as her limited daily activities, were inconsistent with her allegations about her inability to work. Plaintiff argues that the ALJ did not merely fail to connect the dots by failing to explain the reasoning, but ignored judicial precedent and agency regulations in failing to properly analyze the opinions of Plaintiff's treating medical professionals and failing

3

to properly analyze Plaintiff's testimony. The Court agrees that the ALJ's failures were not analysis failures that did not allow the Court to follow the ALJ's reasoning and thus prevented the Court from understanding how the ALJ arrived at his conclusions and demonstrated a failure to follow judicial precedent and agency regulations. Thus, the Court finds that the Commissioner has not met the burden of demonstrating that her position was substantially justified.

B. <u>Reasonableness of Hours Expended</u>

The Commissioner also argues that the amount of fees requested by Plaintiff should be reduced. Plaintiff requests attorney fees in the amount of $250 per hour for a total of 58.25 hours, for a total of $14,562.50. The Commissioner argues that the amount of time billed is unreasonable. In particular, the Commissioner argues that the Court should reduce the amount of time by 5 hours, time spent seeking extensions of time for filing the briefs in this case. A court should exclude from the "fee calculation hours that were not 'reasonably expended,'" with the burden on Plaintiff to demonstrate reasonbleness. *Hensley v. Ekerhart*, 461 U.S. 424, 434, 437 (1983) (quoting S. Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). Additionally, "'[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in original). Accordingly, a party requesting attorney's fees should make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 437. Counsel for Plaintiff does not address the Commissioner's argument about time spent seeking extensions of the briefing deadlines, and the Court will reduce the amount of time by five hours to reflect the time spent seeking extensions, for a total of 53.25 hours.

C.   Reasonableness of Requested Rate

The Commissioner also argues that the hourly rate sought by counsel for Plaintiff is too high. The EAJA provides that an award of attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Seventh Circuit Court of Appeals has interpreted this language to mean that an attorney is not "automatic[ally] entitl[ed] to fee enhancements" or adjustments for inflation. *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). Rather, the EAJA's language regarding the cost of living "reflects an assumption that general measures like the [consumer price index] will provide a reasonably accurate measure of the need for an inflation adjustment in most cases." *Id.* However, "[r]egardless of whether the national CPI or the regional CPI is used, the claimant 'must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience.'" *Monk v. Colvin*, No. 2:15-CV-233, 2016 WL 4445659, at *3 (N.D. Ind. Aug. 23, 2016) (quoting *Sprinkle*, 777 F. 3d at 428-29).

Plaintiff argues that the significant increase in cost of living since 1996, when the statutory rate was set, makes $264 per hour the equivalent to the statutory fee of $125 in 1996. She includes price index data and evidence of the actual increase in costs to practice law born by counsel for Plaintiff since 1996. The Commissioner argues that Plaintiff's method of basing an increased cost of living on actual costs of practice is obsolete and not in accordance with the Seventh Circuit Court of Appeals' recent opinions, and that an increase should be based on general measures of inflation such as the consumer price index. In reply, Plaintiff includes national CPI data indicating that the

2017 equivalent of a rate of $125 in 1996 is $194.30. Counsel for Plaintiff also includes an affidavit representing that other attorneys in the geographic area performing similar work receive between $250 and $300 per hour, and points to other cases in the Northern District of Indiana in which attorneys were awarded at least $300 per hour. Plaintiff also argues that there are limited attorneys available for these proceedings in the area, and that limited availability is a special factor that also justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). The Commissioner argues that there were other attorneys qualified available in the Lafayette, Indiana area who could take the case, but in reply Plaintiff attaches an affidavit indicating that it was difficult for her to find an attorney to take this case after the attorney who helped her at the original administrative hearing refused to continue with the appeals process. The Court concludes that Plaintiff has provided adequate justification of a rate of $250 per hour, for a total of $13,312.50 for 53.25 hours of attorney work.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Petition for Award of Attorney Fees Under the Equal Access to Justice Act [DE 37] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $13,312.50 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a

pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

    SO ORDERED this 13th day of December, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record